# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BIANCA ZAYAS,

          Plaintiff,

    v.                          **Case No. 25-CV-617**

L & S ELECTRIC, INC.,

          Defendant.

## DECISION AND ORDER

### 1. Background

Bianca Zayas worked for L & S Electric, Inc. as an hourly employee. (ECF No. 1, ¶¶ 26, 29.) She brought this action alleging that L & S failed to pay her for all hours worked and failed to pay overtime at the correct rate, in violation of the Fair Labor Standards Act of 1938 (FLSA) and Wisconsin's Wage Payment and Collection Laws. (ECF No. 1, ¶¶ 1-2.) Although alleging that she and other employees were not paid for all hours worked, she does not otherwise support those allegations in her complaint. Rather, the gist of her complaint is that L & S failed to account for bonuses when it calculated employees' overtime rates. (ECF No. 1, ¶¶ 36-37, 45, 50, 58.)

To ensure broad and robust enforcement, the Fair Labor Standards Act of 1938 (FLSA) permits employees to bring so-called collective actions to sue employers for violations of the FLSA on behalf of themselves and other similarly situated

employees." *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 905 (7th Cir. 2025). A collective action is similar to a class action under Fed. R. Civ. P. 23 in that both involve groups of litigants resolving their claims in a single action. But they are fundamentally different in that class members are bound by a class action unless they opt out whereas persons are part of a collective action only if they opt in.

Unlike the procedures for a class action, which are set forth in Rule 23, the procedures for a collective action have developed through court decisions. One principle that has developed is that it is the court that supervises counsel providing notice to prospective collective members to inform them of the opportunity to opt into the action.

The Court of Appeals for the Seventh Circuit recently weighed in on the circuit split that has developed over the plaintiff's burden in seeking court approval of notice to prospective class members. It held "that to secure notice, a plaintiff must first make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated." *Richards*, 149 F.4th at 913. This requires plaintiffs to "produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." *Id.*

As to Zayas's proposed class action under Wisconsin's Wage Payment and Collection Laws, to obtain certification of a class action the plaintiff must show by a preponderance of evidence:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Eddlemon v. Bradley Univ.*, 65 F.4th 335, 338 (7th Cir. 2023).

When certification is sought under Rule 23(b)(3), the plaintiff must also show that "common questions of law or fact must predominate over individual inquiries, and class treatment must be the superior method of resolving the controversy." *Eddlemon*, 65 F.4th at 338 (quoting *Santiago v. City of Chi.*, 19 F.4th 1010, 1016 (7th Cir. 2021)).

## 2. Zayas's Motion to Compel

### a. Interrogatories and Requests for Production

Zayas asks the court to compel L & S to respond to certain of her discovery demands. (ECF No. 18.)

At the heart of L & S's opposition is its position that, unless the court certifies a class or collective action, the only discovery that a plaintiff such as Zayas is entitled to i discovery related to her individual claim. L & S's position is incorrect. *Calloway v. AT&T Servs., Inc.*, No. 1:18-CV-06975, 2021 U.S. Dist. LEXIS 263486, at *9 (N.D. Ill. Oct. 7, 2021); *see also Lee v. UL LLC*, No. 17-C-1617, 2019 U.S. Dist. LEXIS 72500, at *6 (E.D. Wis. Apr. 30, 2019); *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2013 U.S. Dist. LEXIS 149363, at *7-9 (N.D. Ill. Oct. 17, 2013). In the pre-certification stage, plaintiffs are entitled to discovery relevant their burden to show that

conditional certification is appropriate. *Calloway*, 2021 U.S. Dist. LEXIS 263486, at *9.

Thus, L & S must identify all bonus compensation it offered to any non-exempt employees, and its policies, procedures, and supporting documents regarding all such bonuses. *See* Interrogatories 3, 4, 5, 6, 7; Request for Production 8, 9, 12, 13, 14, 15, 19. In the same vein, all policies, procedures, and supporting documents regarding compensation are discoverable. Request for Production 16, 17, 18.

However, certain of the plaintiff's demands are overbroad in that they seek records regarding *all* exempt employees. (Interrogatory 1, Request for Production 7.) Zayas incorrectly asserts that Interrogatory 1, which seeks the number of exempt employees L & S employed during the class period, is simply asking for the number of individuals in the putative class. (ECF No. 27 at 2.) But Zayas's claims and proposed class and collective relate only to a subset of exempt employees who satisfy two conditions: (1) they were paid a bonus; and (2) during the week they received that bonus, they worked overtime.

While "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues," *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978), the court would be inclined to sustain L & S's objection that these requests are overbroad and thus limit Interrogatory 1 and Request for Production 7 to coincide with the proposed class and collective. But here the overbreadth appears to mitigate the burden on L & S. It explains that for much of the class period, it relied on paper timesheets that are not easily searchable. Thus, it

apparently would be expensive and time-consuming for L & S to winnow down the records to only those exempt employees who worked overtime in the week they received a bonus. Indeed, L & S argues it will be hard enough to winnow its timesheets down to only exempt employees given that exempt and non-exempt employees may appear on the same timesheet. But that is information that the plaintiff is entitled to discover. Accordingly, the court will grant Zayas's motion to compel L & S to respond to interrogatories and requests for production.

### b. Deposition

As for Zayas's motion to compel the deposition of the defendant pursuant to Fed. R. Civ. P. 30(b)(6) (*see* ECF No. 19 at 12-13) it appears that L & S simply opposes the proposed deposition on the same basis that it opposed the plaintiff's other discovery demands (ECF No. 22 at 11-12, 23 fn. 12). L & S having chosen to rely on its general arguments rather than presenting an argument as to the specifics of the proposed corporate deposition (*see* ECF No. 20-6 at 3) the court will grant the plaintiff's motion to compel.

The deposition itself and in particular the subjects identified in the Amended Notice are relevant to the question of class certification, are not otherwise protected, and therefore are properly discoverable at this time.

### 3. L & S's Motion for a Protective Order

In addition to responding to Zayas's motion to compel, L & S moved for a protective order. (ECF No. 21.) It seeks a protective order "to the effect that no further putative class or collective discovery be had, beyond that which has already occurred,

unless and until such time as the Court might certify the case as a class or collective action." (ECF No. 21.)

Zayas moved to strike L & S's motion for a protective order, arguing that it is redundant to its brief in opposition. (ECF No. 25.)

A motion for a protective order and a motion to compel might often be two sides of the same coin, but there is nothing improper in an opponent seeking a protective order while also opposing a motion to compel. Here, L & S's motion for a protective order is more expansive than Zayas's motion to compel. Zayas motion to compel relates to certain specific discovery demands whereas L & S seeks to bar all "putative class or collective discovery." (ECF No. 21.) Zayas's motion to strike (ECF No. 25) will be denied.

As discussed above, in the pre-certification phase, plaintiffs are entitled to the discovery relevant to the certification question. Thus, insofar as L & S seeks a protective order limiting discovery to Zayas's individual claim, the motion will be denied.

However, insofar as L & S is asking the court to bifurcate conditional certification discovery from discovery relevant only to facilitating notice to the class or prospective collective member or proving the claims of the class or opt-in collective members, the motion for a protective order will be granted. *See Lake v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 932 (N.D. Ill. 2013); *see also Calloway*, 2021 U.S. Dist. LEXIS 263486, at *8-9. For example, Zayas asked L & S to identify (which Zayas defined to mean "(i) the individual's full name; (ii) the individual's present and/or last

known address; and (iii) the individual's present or last known job position") every non-exempt employee it employed during the class period. *See* Interrogatory 2. Zayas did not ask the court to compel L & S to answer Interrogatory 2, but the interrogatory is properly within the scope of L & S's motion for a protective order. The identity of every non-exempt employee is a matter related primarily to facilitating notice and proving individual claims and therefore premature at the pre-certification stage. Insofar as it is relevant in the pre-certification stage, the demand is unduly burdensome and disproportionate to the needs of the case.

### 4. Expenses

The court having granted Zayas's motion to compel "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Any request for expenses shall be filed within **14 days** of this order.

Similarly, the court having granted in part L & S's motion for a protective order, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *see also* Fed. R. Civ. P. 26(c)(2).

But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

In accordance with Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii), the court declines to award expenses to L & S regarding its motion for a protective order. The aspect on which it prevailed was a minor component of its motion. The court rejected the argument underlying L & S's motion—that prior to certification, discovery was limited to that which was relevant to the plaintiff's individual claim. Moreover, in granting L & S's motion for a protective order the court in large part merely formalized the bifurcation that the plaintiff was generally already following.

**IT IS THEREFORE ORDERED** that Bianca Zayas's motion to compel (ECF No. 18) is **granted**. L & S shall respond to the referenced discovery demands within **30 days** of this order. Any request for expenses shall be filed within **14 days** of this order. The motion to "reset deadlines" is denied without prejudice, the plaintiff having failed to demonstrate that any further extension of the current schedule is necessary.

**IT IS FURTHER ORDERED** that L & S Electric, Inc.'s motion for a protective order (ECF No. 21) is **granted in part**. Prior to certification of any class or collective, discovery is limited to the plaintiff's individual claims and discovery relevant to the propriety of class or collective certification.

8

**IT IS FURTHER ORDERED** that Bianca Zayas's motion to strike (ECF No. 25) is **denied**.

Dated at Green Bay, Wisconsin this 11th day of June, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
U.S. District Judge

Case 1:25-cv-00617-BBC     Filed 06/11/26     Page 9 of 9     Document 31